**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice motion forthcoming*
Frank J. Mazzaferro, *pro hac vice motion forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ALFREDO AGUIRRE, individually and on behalf of all others similarly situated;**<br><br>**Plaintiff,**<br><br>-against-<br><br>**W & W ENERGY SERVICES, INC.,**<br><br>**Defendant.** | **No: 2:21-cv-406**<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Alfredo Aguirre ("Plaintiff" or "Aguirre"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and his similarly situated co-workers – tool pushers, technicians, laborers and other similarly situated employees (collectively "Non-Exempt Laborers"), who work or have worked for W & W Energy Services, Inc. ("Defendant" or "W&W") throughout the United States.

2.     Plaintiff brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.     Plaintiff also brings his unpaid overtime wages claim under the New Mexico Minimum

Wage Act, NMSA 50-4-19, *et seq.*, ("NMMWA") as a Fed. R. Civ. P. 23 class action.

4.     W&W provides production and infrastructure services to oil producers in the Permian Basin region of the southwest United States.[1] According to its website, "300 people support [W&W's] activities in Odessa, TX, Monahans, TX, Midland, TX and Carlsbad, NM."[2]

5.     In 2019, W&W joined Petrofac Corporation, an international service provider to the oil, gas, and renewables industry.[3] Petrofac manages operations for clients in 29 countries.

6.     W&W maintains an office located at 4205 Ferguson Rd., Carlsbad, New Mexico 88220.[4]

7.     W&W compensates Non-Exempt Laborers on an hourly basis but does not pay all hours worked over 40 at time and one half a Non-Exempt Laborer's regular rate. In that regard, regardless of the number of hours worked, W&W always compensated Non-Exempt Laborer's for "Yard Time"[5] at their regular hourly rate. As a result, in weeks where Non-Exempt Laborers worked over 40 hours in a week, any Yard Time was paid out as "straight-time" rather than time and one half their regular rate.

8.     W&W engaged in an unlawful policy where Non-Exempt Laborer's were not paid for all of their hours worked over 40. For instance, Non-Exempt Laborers were required to arrive at W&W's shop and/or warehouse to pick up equipment to take to a work site using W&W's vehicles. W&W did not compensate Non-Exempt Laborers for time they spent traveling between the work site and W&W's shop and/or warehouse. The hours accumulated during these uncompensated times were often hours worked over 40.

---

[1] W&W Website "About Us" (*available at* http://www.wandwenergy.com/About-Us/) (last accessed April 27, 2021).
[2] *Id.*
[3] *Id.*
[4] W&W Website "Locations" (*available at* https://wandwenergy.com/ww-energy-services-locations/) (last accessed April 27, 2021).
[5] Yard Time is work performed in W&W's shop/warehouse.

9.      W&W also failed to include all remuneration paid to Non-Exempt Laborers into their regular rate for overtime purposes. In that regard, Non-Exempt Laborers received additional compensation, including a *per diem*, which was not factored into their overtime rate. W&W required Non-Exempt Laborers work a minimum number of hours at a qualifying job site before they earned a *per diem*. By tying Non-Exempt Laborers' *per diem* to the hours they worked, the *per diem* should have been included in the regular rate for overtime purposes.

10.      W&W has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rates of pay.

11.      Plaintiff seeks to represent a class of similarly situated Non-Exempt Laborers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former tool pushers, technicians, laborers and other similarly situated non-exempt employees working for W & W Energy Services nationwide during the last three years (the "FLSA Class").**

12.      Additionally, Plaintiff seeks to represent a seeks to represent a Rule 23 class of similarly situated Non-Exempt Laborers under the NMMWA that is defined as:

> **All current and former tool pushers, technicians, laborers and other similarly situated non-exempt employees working for W & W Energy Services during the last three years (the "New Mexico Class").**

13.      The members of the FLSA Class and the New Mexico Class are collectively referred to as "the Class Members."

## THE PARTIES

### Plaintiff

**Alfredo Aguirre**

14.      Aguirre is an adult individual who is a current resident of Texas.

15.      Aguirre was employed as a tool pusher by W&W from approximately December 2017

through June 2019 as a tool pusher.

16.     Aguirre worked for Defendant at job sites near and around Carlsbad, New Mexico.

17.     Aguirre is a covered employee within the meaning of the FLSA.

18.     A written consent form for Aguirre is being filed with this Complaint.

**Defendant**

19.     Defendant employed Plaintiff and similarly situated employees at all times relevant.

20.     Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

21.     Defendant operates a single integrated enterprise that has employed Plaintiff and similarly situated employees at all times relevant.

22.     During all relevant times, Defendant has been Plaintiff's employer within the meaning of the FLSA.

**W & W Energy Services, Inc.**

23.     W & W Energy Services, Inc. is a foreign for-profit corporation organized and existing under the laws of Texas.

24.     W & W Energy Services, Inc. maintains an office at 4205 Ferguson Rd., Carlsbad, New Mexico 88220.

25.     W & W Energy Services, Inc. is a covered employer within the meaning of the FLSA and NMMWA. At all times relevant, W & W Energy Services, Inc. employed Plaintiff and similarly situated employees.

26.     At all times relevant, W & W Energy Services, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

27.     Plaintiff and the New Mexico Class members were employed by W & W Energy

Services, Inc. in New Mexico for all of or a portion of their employment.

28.     W & W Energy Services, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers in its operation, including policies, practices, and procedures with respect to the payment of *per diems* and overtime compensation.

29.     Upon information and belief, at all relevant times W & W Energy Services, Inc. has had an annual gross volume of sales in excess of $500,000.00.

## JURISDICTION AND VENUE

30.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

31.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

32.     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

33.     Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(1) because Defendant reside in the district and conducts business in this District.

34.     Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for W&W throughout the United States who elect to opt-in to this action (the "FLSA Collective").

36.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

37.     Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA

Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

38.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

39.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings the second cause of action on behalf of himself and the New Mexico Class Members for violations of the NMMWA's overtime provisions (NMMWA § 50-4-22).

41.     W & W Energy Services, Inc. is subject to the requirements of the NMMWA.

42.     W & W Energy Services, Inc. employed Plaintiff and each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

43.     The NMMWA requires employers to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

44.     Plaintiff and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

45.     The improper pay practices at issue were part of a continuing course of conduct, entitling Plaintiff and each Class Member to recover for all such violations, regardless of the date they occurred.

## PLAINTIFF'S FACTUAL ALLEGATIONS

46.     Consistent with its policies and patterns or practices as described herein, Defendant

harmed Plaintiff, individually, as follows:

**Alfredo Aguirre**

47.     Aguirre was employed by W&W from approximately December 2017 through June 2019. He has worked for W&W as a tool pusher in New Mexico.

48.     During his employment, Aguirre generally worked over 40 hours per week.  In that regard, Aguirre generally worked anywhere from 60 to 80 hours per workweek.

49.     During Aguirre's employment, he received an hourly rate time of approximately $16.00 per hour.

50.     When Aguirre was required to perform work at W&W's shop and/or warehouse, he was paid his regular hourly rate even when those hours were over 40 in a workweek, i.e., paid straight time.

51.     When Aguirre was required to pick up/drop off equipment from W&W's shop and/or warehouse, he was not compensated for the hours he spent transporting between the site and shop/warehouse this time could range anywhere from one to several hours in a day.

52.     W & W had knowledge of this Yard Time and travel time performed by Aguirre.

53.     In addition to this hourly wage, Aguirre received a *per diem*. Aguirre was required to work a minimum number of hours at a qualified work site before he received a *per diem*. W & W failed to include *per diem* pay into Aguirre's regular rate of pay for the purposes of calculating and paying overtime.

54.     Despite regularly working over 40 hours per workweek, W&W failed to compensate Aguirre for all hours worked over 40 and failed to provide proper overtime compensation of 1.5 times his regular rate of pay.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

55.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

57.     During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

58.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

59.     Defendant failed to pay Plaintiff and the FLSA Collective for all hours worked over 40 in a workweek.

60.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New Mexico Minimum Wage Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the New Mexico Class)**

61.     Plaintiff realleges and incorporated by reference all allegations in all preceding paragraphs.

62.     The overtime wage provisions set forth in the NMMWA, NMSA 50-4-19, *et seq.*, 50-4-22 *et seq.* and the supporting regulations, apply to Defendant and protect Plaintiff and the members of the New Mexico Class.

63.     During this time, Plaintiff and the New Mexico Class regularly worked in excess of 40 hours per week.

64.     Defendant failed to pay Plaintiff and the New Mexico Class the premium overtime wages to which they were entitled under the NMMWA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

65.     Defendant failed to pay Plaintiff and the New Mexico Class for all hours worked over 40 in a workweek.

66.     Plaintiff and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from Defendant.

67.     Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the NMMWA.

68.     The improper pay practices at issue were part of a continuing course of conduct, entitling Plaintiff and each Putative Class Member to recover for all such violations, regardless of the date they occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for W&W nationwide.  Such notice shall

inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.      An order certifying the New Mexico Class as a class action under Rule 23;

      C.      Judgment pursuant to Section 16(b) of the FLSA finding W&W liable for unpaid back wages due to Plaintiff and the FLSA Class members and for liquidated damages equal in amount to their unpaid compensation;

      D.      Judgment awarding Plaintiff and the New Mexico Class overtime for all worked performed in excess of 40 hours in a workweek, liquidated damages, treble damages, all available penalty wages available under the NMMWA;

      E.      Prejudgment and post-judgment interest;

      F.      Reasonable attorneys' fees and costs of the action; and

      G.      Such other relief as this Court shall deem just and proper.

Dated:  Houston, Texas

April 30, 2021

Respectfully submitted,

**/s/ Rex Burch**

_____

Richard (Rex) J. Burch

**BRUCKNER BURCH PLLC**
Richard (Rex) J. Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice motion forthcoming*
Frank J. Mazzaferro, *pro hac vice motion forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*